No. 3571

Second Circuit

———

CITIZENS HARDWARE & FURNITURE CO., INC., v. C. R. I. & P. RY. CO.

———

(December 31, 1929.  Opinion and Decree.)

———

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellant.

Barksdale, Warren & McBride, of Ruston, attorneys for defendant, appellee.

REYNOLDS, J.  Plaintiff sued defendant for $882, damage done to a store building and stock of merchandise by flooding from rainfall, the flooding being caused, plaintiff alleged, by the construction by defendant of a dump or roadbed for a spur track with culverts thereunder for the passage or drainage of rainwater insufficient in size and improperly located.

Defendant denied that the construction of the dump or roadbed had anything to do with the flooding of plaintiff's store or the damaging of his goods, and denied that the culverts under the roadbed were improperly located or insufficient in size.

It alleged that the locality where plaintiff's building stands is below the level of the surrounding territory, and that rainwater naturally gravitates to and stands there, and that plaintiff erected its building in that territory well knowing this fact and did not raise the level of the floor of the building above that of the surrounding territory, and that in consequence surface water flowed into his store and damaged his property.

On these issues the case was tried and judgment was rendered rejecting plaintiff's demands and dismissing its suit, and it appealed.

## OPINION

There are more than 200 pages of evidence in the record, and we have carefully read all of it. The case was well tried, and every fact that might tend to show that the flooding was the fault of defendant seems to have been proved.

It does not appear from the evidence what was the proximate cause of the particular accumulation of water in plaintiff's building. The burden was on plaintiff to establish this cause, and that negligence on the part of defendant was responsible for it. Civ. Code, art. 2232; Code Prac. art. 312; 12 Louisiana and Southern Digest, title Evidence, sub-title Burden of Proof, key number 90.

The evidence does indicate that any one of several things, for none of which defendant was responsible, may have been the proximate cause of the flooding. One of these was the interruption of drainage by the closing of a culvert on the north side of Main street in front of plaintiff's store. The culvert was under the supervision and control of the town authorities, and, according to the testimony of the mayor of the town, Mr. A. H. May, was closed by the town authorities.

"Q. That culvert has been stopped up?
"A. Yes, sir.
"Q. That stoppage is due to the town, is it not?
"A. It is under the supervision of the town.
"Q. The railroad company had nothing to do with that stoppage?
"A. No.
"Q. After these excessive rains, you say Mr. Parker went there and made an opening in the culvert just on the outside of the stop post?
"A. Yes, sir; he did. That whole drainage was opened at that time."

We have not been able to find in the evidence proof of any fact tending to show that the flooding of plaintiff's store was caused or contributed to by any negligent act or failure to act on the part of defendant.

Our learned brother of the district court rendered a written opinion wherein he reviewed all the evidence and the law applicable thereto, and we are unable to find that he overlooked or failed to give due weight to any material fact proved, or that he erred in his conclusions as to the law applicable to the facts.

The party alleging error must show it affirmatively on the record. 2 Louisiana and Southern Digest, title Appeal and Error, sub-title Burden of Showing Error, key number 901.

The issue between plaintiff and defendant was purely one of fact, and that issue was decided adversely to the plaintiff by the lower court.

It is the settled law that the judgment of the trial court on such an issue will not be disturbed on appeal in the absence of showing of manifest error. 2 Louisiana and Southern Digest, title Appeal and Error, sub-title Against Weight of Evidence, key number 1012.

We find no error in the judgment appealed from, and accordingly it is affirmed.